**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ROMARIO V. WALLER
ADC #108263**                                                                **PLAINTIFF**


**v.**                                **CASE NO.: 4:20-CV-335-JM-JJV**


**DALE REED, et al.**                                                         **DEFENDANT**

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff, Romario Waller, is incarcerated with the Arkansas Division of Correction. At all times relevant to this lawsuit, Waller was housed at the Varner Supermax Unit. On January 29, 2020, Waller alleges that Defendant Blevins used excessive force by simply touching Inmate Waller. In addition, Waller alleges that Defendant Blevins retaliated against him and that Defendant Titus failed to protect him.

The undisputed facts will show that Waller's claims fail as a matter of law. First, Waller's claims are barred by the *Heck* Doctrine. Second, the undisputed facts will show that Defendant Blevins never touched Inmate Waller. *SUMF* ¶ 15. Rather, the undisputed facts will show that Waller head-butted Sgt. Blevins. *SUMF* ¶ 16. Even if one was to assume that Defendant Blevins touched Waller, the touch was so insignificant that it did not arise to a constitutional violation of excessive force. Moreover, Waller's retaliation claim and failure to protect claim are dependent upon his excessive force claim; therefore, because Waller's excessive force claim fails, then his retaliation claim and failure to protect claim also fail as a matter of law. Accordingly, Defendants

1

Blevins and Titus respectfully requests that this Court grants them their Motion for Summary Judgment.

<strong><u>STANDARD OF REVIEW</u></strong>

Summary judgment is to be "rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact requiring the trier of fact to resolve the dispute in favor of one party or the other. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). An issue of fact is material only if the fact could affect the outcome of the case under governing law. *Anderson*, 477 U.S. at 248. The nonmoving party must establish that there is a genuine issue of material fact in order to survive a motion for summary judgment. *Celotex*, 477 U.S. at 322; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). To establish the existence of a genuine issue, the non-moving party must produce "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587. The mere existence of some disputed factual issues will not defeat a summary judgment motion where the disputed issues are not genuine issues of material fact. *Anderson*, 477 U.S. at 247-48. A disputed issue is genuine if the evidence could lead a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248.

<strong><u>ARGUMENT</u></strong>

**A. <u>Waller's Claims Are Barred by *Heck* Doctrine.</u>**

Waller's claims against the Defendants are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harms caused by actions whose unlawfulness would render a

2

conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87.  If a decision in favor of a plaintiff who brings a § 1983 suit would imply that the plaintiff's conviction is invalidated, then a dismissal is required. *Id.*

Specifically regarding disciplinary convictions, the Eighth Circuit has stated that "[u]nder *Heck*'s "favorable termination" rule, a § 1983 action seeking damages for prison discipline that resulted in a loss of good time credits does not arise until the inmate has successfully challenged that discipline through habeas or some other proceeding." *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the issue presented to the Supreme Court was whether a claim challenging the validity of a prisoner's disciplinary conviction was cognizable under § 1983. The Court determined that the inmate's claim for declaratory relief and monetary damages based upon deceit which would essentially invalidate the inmate's disciplinary conviction was not cognizable under § 1983. *Id.* at 648; *see also Minter v. Bartruff*, 939 F.3d 925, 929 (8th Cir. 2019).

In this case, Waller's claims against Defendants are barred by the *Heck* Doctrine. Undeniably, Waller head-butted Sgt. Blevins. *SUMF* ¶ 16. As a result of the incident, Sgt. Blevins issued Inmate Waller with a disciplinary violation for Battery-Use of Force on Staff (Code 04-4) and Failure to Obey Order of Staff (Code 12-3). *SUMF* ¶ 20. Waller was found guilty of both violations. *Id.*  According to Waller's testimony, "I [Waller] received a whole lot of punitive punishments as a result of that. This lawsuit is my attempt to vindicate myself from some of those punitive punishments." *SUMF* ¶ 21. Thus, by filing this § 1983 lawsuit, Waller seeks to have his

disciplinary conviction overturned; therefore, his lawsuit is barred by the *Heck* Doctrine. *See Portley-El*, 288 F.3d at 1066. Moreover, although Waller claims that his disciplinary convictions were because of false statements and deceit, his claims are still barred by *Heck*. *See Edwards*, 520 U.S. at 648. Accordingly, Defendants Blevins and Titus respectfully request that this Court dismisses Waller's lawsuit with prejudice.

**B. <u>Waller Cannot Present *Prima Facie* Evidence the Defendant Blevins Used Excessive Force.</u>**

The proper inquiry for an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Importantly, not every touch by a prison guard creates an excessive force claim. *Id*. Although not dispositive, the nature of the injury is a factor into the inquiry of whether the force was excessive. *Id*. More importantly, "[t]he Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (cleaned up).

In the case-at-hand, the undisputed evidence shows that Sgt. Blevins never touched Inmate Waller (*SUMF* ¶ 15), although Inmate Waller alleges that Sgt. Blevins used excessive force, thereby implying that Sgt. Blevins touched him. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). More recently, the Eighth Circuit found that self-serving statements, including affidavits, carry little weight when in conflict with other evidence especially prior evidence by that party. *Eckerberg v. Inter-State Studio & Publishing Co.*,

860 F.3d 1079, 1085 (8th Cir. 2017). Accordingly, the undisputed facts show that Defendant Blevins never touched Waller (*SUMF* ¶ 15); therefore, Defendant Blevins never used any force against Waller. Thus, Waller's claim of excessive force against Defendant Blevins fails as a matter of law.

Even when viewing the facts in the light most favorable to Waller and assuming without conceding that Defendant Blevins touched Inmate Waller, he is still unable to present *prima facie* evidence to support a claim of excessive force against Defendant Blevins. According to Waller's own testimony, Defendant Blevins "tried to push me in my chest…It seemed like he stepped away further than he meant to. So he ***touched*** me on my chest and pushed me." Exhibit 1, Waller's Depo. 17:1-6 (emphasis added). At best, the contact between Defendant Blevins and Waller was *de minimis* force which does not violate the Eighth Amendment. *See Hudson*, 503 U.S. at 9-10. Additionally, according to Waller, he was not injured; he did not have a bruise where Defendant Blevins touched him; nor did he fall down. *SUMF* ¶ 19. Thus, considering Waller's lack of injury is also evidence that the force was not excessive. *See Wilkins*, 559 U.S. at 37. Fundamentally, Waller's excessive force claim fails because he is unable to present any evidence to show that Defendant Blevins force with malicious or sadistic intent to cause Waller harm. *See Id*. As a result, Waller's excessive force claim against Defendant Blevins fails as a matter of law; therefore, Defendant Blevins respectfully requests that the Court grant summary judgment.

## C. **Waller Cannot Present *Prima Facie* Evidence to Support His Retaliation Claim.**

Waller's retaliation claim against Defendant Blevins fails as a matter of law. The Eighth Circuit has repeatedly held that "[t]o prevail on a retaliation claim, [plaintiff] must show 1) he engaged in a protected expression, 2) he suffered an adverse action, and 3) the adverse action was causally related to the protected expression." *Solomon v. Petray*, 795 F.3d 777, 786 (8th Cir. 2015) (quoting *Nelson v. Shuffman*, 603 F.3d 439, 450 (8th Cir. 2010)). Moreover, inmates, who claim

retaliation, have a heavy burden of proof to present sufficient evidence of the claim, and simply claiming retaliation is insufficient. *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007).

Accordingly, Defendant Blevins is entitled to summary judgment regarding Waller's retaliation claim. Waller cannot show that he suffered any adverse action. Additionally, he cannot show that the adverse actions was causally related to his protected activity. In his deposition Waller testified that "[Sgt. Blevins] attempting to push me down was his form of retaliation. I feel like someone else probably would have retaliated by hitting him with a closed fist. I feel like his attempt at retaliation was to assault me by pushing me down." Exhibit 1, Waller's Depo. 21:20-24. Thus, because Waller's claim of excessive force fails as a matter of law so too does his claim of retaliation against Defendant Blevins.

### D. <u>Waller's Failure to Protect Claim Against Defendant Titus Fails As a Matter of Law.</u>

Waller's failure to protect claim against Defendant Titus also fails as a matter of law. "A prison official may be liable for failure to protect an inmate from a use of excessive force if he is deliberately indifferent to a substantial risk of serious harm to an inmate." *Estate of Davis by Ostenfeld v. Delo*, 115 F.3d 1388, 1395 (8th Cir. 1997). First, as noted above, Waller cannot prove that excessive force was used upon him. Second, assuming *arguendo* that the Court does not rule favorably for Defendants on the excessive force claim, Waller is unable to show that Defendant Titus acted with deliberate indifference. Thus, she is entitled to summary judgment.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court attempted to operationally define deliberate indifference. Liability under the Eighth Amendment for deliberate indifference requires that "the official ***knows of and disregards*** an ***excessive risk*** to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a ***substantial risk of serious harm exists***, and he must also draw the inference." 511 U.S. at 837 (emphases

6

added). As the Court further explained, deliberate indifference is equivalent to the intent of reckless. *Id*. at 839. This notion is supported by the Supreme Court which found that deliberate indifference is, "a state of mind more blameworthy than negligence." *Id*. at 836. Deliberate indifference is less blameworthy than having the mental intent of purposefully or knowingly. *Kulkay v. Roy*, 843 F.3d 637, 643 (8th Cir. 2017). The prison official's mindset is based upon his or her knowledge at the time of the events in question and not viewed through twenty-twenty vision hindsight. *Kulkay*, 843 F.3d at 643; *see also Schaub v. VonWald*, 638 F.3d 905, 915 (8th Cir. 2011).

Defendant Titus is entitled to summary judgment on the claim that she failed to protect Inmate Waller. As noted above, Defendant Blevins never touched Waller (*SUMF* ¶ 15); therefore, Defendant Titus had no reason to "protect" Waller. Even assuming without conceding that Defendant Blevins touched Waller, the facts do not show that an excessive risks of harm existed to Waller to such a degree that Defendant Titus acted with deliberate indifference by not protecting Waller. *See Delo*, 115 F.3d at 1395. Accordingly, Waller's failure to protect claim against Defendant Titus fails as a matter of law and Defendant Titus is entitled to summary judgment.

**E.  <u>Defendants Are Entitled to Qualified Immunity as a Matter of Law.</u>**

Defendants are entitled to qualified immunity as a matter of law. Qualified immunity balances two important societal interests. Society has an interest in holding government officials accountable when they act in patently unconstitutional or illegal ways; but this interest must be balanced against the need to protect officials from harassment, distraction, and liability when they act reasonably. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1866 (2017). This is why the doctrine of qualified immunity protects government actors from mistaken but reasonable judgments as to the constitutional or legal propriety of their conduct. *Hunter v. Bryant*, 502 U.S. 224, 229 (1991). Qualified immunity shields governmental employees acting within the scope of their duties from

suit for money damages so long as their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would know." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is designed to protect from liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

To determine whether a state actor is entitled to qualified immunity, a court must consider (1) whether the facts alleged establish a violation of a constitutional or statutory right, and (2) whether the right was clearly established at the time of the alleged violation, such that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan,* 555 U.S. 223, 232 (2009). Courts have discretion to decide either prong first. *Pearson*, 555 U.S. at 236. If the answer to either question is no, then the state actor is entitled to qualified immunity. *Schaffer v. Beringer*, 842 F.3d 585, 591 (8th Cir. 2016).

### 1.  Defendants Did Not Violate Any of Waller's Constitutional Rights.

The first question in deciding whether an official is entitled to qualified immunity is whether he violated a federal right at all.  *Coonts v. Potts,* 316 F.3d 745, 750 (8th Cir. 2003).  As explained above, the answer to that question is no.  Waller's constitutional rights were not violated by either Defendant. And Waller cannot present sufficient evidence to support his claims against the Defendants; therefore, Defendants did not violate Waller's constitutional rights.

### 2.  Defendants Did Not Violate a Clearly Established Right.

For the law to be clearly established, the existing precedent cases must have placed the issue—how the general rule is to be applied in the specific circumstances facing the officer— "beyond debate." *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2023 (2014). In addition, in order for a constitutional right to be clearly established, it "must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S.Ct. 548, 552 (2017). In other words, "[t]he precedent must be clear enough

8

that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 138 S.Ct. 577, 590 (2018).

Waller has not shown a violation of any constitutional right to which he is entitled, and that the state of the law did not give Defendants fair warning that their actions were unconstitutional. Accordingly, Defendants are entitled to qualified immunity from the claims against them and Waller's lawsuit should be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendants Blevins and Titus respectfully requests that this Court grants them their Motion for Summary Judgment, thereby dismissing Waller's lawsuit with prejudice, and for all other just and proper relief to which they are entitled.

Respectfully submitted,
LESLIE RUTLEDGE
Attorney General

By:    Vincent P. France
Ark Bar No. 2010063
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-2007
Fax:     (501) 682-2591
Email:  vincent.france@arkansasag.gov

9

## CERTIFICATE OF SERVICE

I, Vincent P. France, hereby certify that on December 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system:

I, Vincent P. France, hereby certify that on December 16, 2020, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Mr. Romario V. Waller, ADC #108263
Arkansas Division of Correction
Varner Supermax Unit
P.O. Box 600
Grady, AR 71644

/s/ Vincent P. France
Vincent P. France