IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROMARIO U. WALLER.                                                    PLAINTIFF

V.                          CASE NO: 4:20-CV-335 JM-JSV

DALE REED, ROBERT BLEVINS,                          DEFENDANTS
JAYKENZIE TITUS.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 04 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGEMENT
THE PLAINTIFF WITH MY BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGEMENT
DO STATE THE FOLLOWING:
WHILE I WAS IN HANDCUFF'S STANDING ON ONE FOOT AT THE DIRECT ORDER OF BOBBY BURTON AS HE
SQUATTED BEHIND ME ATTEMPTING TO APPLY SHACKLES TO MY LEFT ANKLE AS I STOOD STILL ON MY
RIGHT FOOT DEF. BLEVINS ACCOUSTED ME IN AN HOSTILE MANNER and TRIED TO HARM ME BY FIRST
ATTEMPTING TO INSTIGATE A CONFLICT WITH ME WHEN HE ATTEMPTED TO POKE ME IN THE CHEST
WITH HIS FINGER. BEING UNSUCCESSFUL DEF. BLEVINS TRIED TO PUSH ME IN MY CHEST WITH HIS
HAND AND WHEN HE FAILED DUE TO MY DROPPING MY RIGHT FOOT I HAD TO PROTECT MYSELF FROM
HIM IN ORDER TO PREVENT HIM CAUSING ME GREATER HARM OR FURTHERING HIS ATTACK TO CAUSE ME
HARM.   THOUGH I WAS DETAINED BY DEF. TITUS SHE FAILED TO INTERVENE OR PROTECT ME WHEN
SHE SAW DEF. BLEVINS FIRST ATTEMPT TO ASSAULT ME AND AS A RESULT I WAS INJURED AFTER BEING
FORCED TO PROTECT MYSELF FROM CERTAIN DEADLY POSSIBLE INJURY.
THE DEFENDANTS STATEMENT OF UNDISPUTED MATERIAL FACTS IS CONTROVERTED BY MY STATEMENT OF
DISPUTED MATERIAL FACTS, AND WILL SHOW THAT I NEVER ALLEGED DEF. BLEVINS "SIMPLY TOUCHED" ME
AS FALSELY STATED BY DEFENDANTS (DOC.35 P.1 OF 10). THE FACTS AS PRESENTED BY MY SELF-
THE PLAINTIFF and BY THE DEFENDANS AS ALLEGED SHOW TWO CONTROVERSIAL SET'S OF FACTS as TO
THIS CASE, THE TRUE FACTS PRESENTED BY ME and THE DISTORTED-FALSE FACTS MADE BY DEFENDANTS.
THERE ARE DISPUTES AS TO WHETHER DEF. BLEVINS RETALIATED FOR MY USE OF GRIEVANCE TO REPORT
HIS RACIAL STATEMENTS, THERE ARE DISPUTES AS TO WHETHER DEF. BLEVINS ATTEMPTED TO PUSH ME DOWN
TO CAUSE ME HARM WHILE I WAS IN HANDCUFF'S INCAPABLE OF CONTROLLING THE FALL, THERE IS A DISPUTE
AS TO WHETHER DEF. TITUS WAS REQUIRED CONSTITUTIONALLY TO INTERVENE AND PROTECT ME, THERE IS A
DISPUTE AS TO WHETHER DEF. BLEVINS FALSIFIED REPORTS TO COVER-UP HIS RETALIATORY ATTACK,
THERE IS A DISPUTE AS TO WHETHER DEFENDANTS HAVE WITHHELD EVIDENCE WHICH CONTRADICTS THEIR
SWORN STATEMENT/TESTIMONY, THERE IS A DISPUTE AS TO WHETHER DEF. BLEVINS FALSIFIED A MAJOR
DISCIPLINARY REPORT CAUSING ME PUNITIVE PUNISHMENTS WHICH I STILL SUFFER FROM TODAY, THERE IS
A DISPUTE AS TO WHETHER I WAS INJURED AS A RESULT OF DEF. BLEVINS RETALIATORY ATTACK.
FOR THESE REASONS THE MOTION FOR SUMMARY JUDGEMENT SHOULD BE DISMISSED, DUE TO THE
EXISTENCE OF DISPUTED MATERIAL FACTS.

## LAW

"ON SUMMARY JUDGEMENT EVIDENCE OFFERED BY THE NON-MOVING PARTY MUST BE TAKEN AS TRUE, WITH ALL REASONABLE INFERENCES DRAWN FAVORABLY TO THE SIDE OF THE NON MOVING PARTY" ANDERSON V. LIBERTY LOBBY, INC. 477 U.S. 242, 106 S.Ct. 2505, 91 L.ed.2d. 202(1986).
"FIRST AMENDMENT PROTECTIONS EXTEND TO INCLUDE THE PURSUANCE OF PRISON GRIEVANCES, DAVIS V. GOORD 320 F.3d. 346 (2nd CIR. 2003). "CLAIMS ALLEGING ONLY DEFECTIVE PROCEDURES and NOT SEEKING REVERSAL OF DISCIPLINARY BOARD DECISION and REINSTATEMENT OF GOOD-TIME CREDITS ARE NOT BARRED BY THE ~~FAVORABLE~~ STANDARD UNDER HECK V. HUMPHREY PROHIBITTING §§ 1983 ACTION THAT WOULD NECESSARILY IMPLY THE INVALIDITY OF CONVICTION OR SENTENCE WITHOUT A PRIOR SHOWING THE SAME HAS BEEN INVALIDATED (EDWARDS V. BALISOK 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed. 2d. 906(1997). "AN INMATE WHO IS GRATUITOUSLY BEATEN BY GUARDS DOES NOT LOSE HIS ABILITY TO PURSUE AN EXCESSIVE FORCE CLAIM MERELY BECAUSE HE ~~IS FORTUNATE~~ HAS THE GOOD FORTUNE TO ESCAPE WITHOUS SERIOUS INJURY" WILKINS V. GADDY __U.S.__ 130 S.Ct.1175-1178-79(2010) ; "ALLEGATION OF UNPROVOKED BLOW TO THE FACE CREATED A FACTUAL ISSUE AS TO EXCESSIVE FORCE" BEE V. DEKALB COUNTY 679 F.SUPP. 1107, ~~1208~~ 1109, 1113(N.D.Ga. 1988); UNDER THE GOVERNING LAW, WHETHER FORCE USED BY A PRISON OFFICIAL VIOLATES THE EIGHTH AMENDMENT DEPENDS ON WHETHER "IT WAS APPLIED IN A GOOD FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE OR MALICIOUSLY AND SADISTICALLY TO CAUSE HARM." (HUDSON V. MCMILLIAN 503 U.S. 1, 5-6, 112 S.Ct. 995(1992); WHITLEY V. ALBERS 475 U.S. 312, 320-21, 106 S.Ct. 1078(1986). THE FACT THAT FORCE WAS USED WHEN UNNECESSARY, OR IN A MANNER EXCESSIVE TO ANY NEED, IS IN ITSELF EVIDENCE THAT THE DEFENDANT'S WERE ACTING "MALICIOUSLY and SADISTICALLY TO CAUSE HARM." MILLER V. LEATHERS, 913 F.2d. 1085, 1088 (4TH CIR. 1990); OLIVER V. COLLINS 914 F.2d. 56, 59 (5TH CIR. 1990); ORWAT V. MAHONEY 360 F.SUPP. 2d. 146, 153-54 (D.MASS. 2005)". A REASONABLE JURY CAN FIND GENUINE ISSUES OF DISPUTED FACTS IN THIS CASE WHICH PRECLUDE SUMMARY JUDGEMENT.

## ARGUEMENT

### A. WALLER PARTICIPATED IN A PROTECTED LIBERTY INTEREST

IN THE COMPLAINT (DOC.10 P. 4 OF 8) I ALLEGED I'D SUBMITTED VSM GRIEVANCE 2020-289 REPORTING DEF. BLEVINS USE OF RACIAL SLURS/STATEMENTS. (DOC.2 P.42 OF 56). THIS WAS MY FIRST TIME EVER ENCOUNTERING DEF. BLEVINS. DEF. BLEVINS WAS AWARE OF MY GRIEVANCE, (DOC.2 P.42 OF 56). "FILING A GRIEVANCE IS CONSTITUTIONALLY PROTECTED". (GRAHAM V. HENDERSON 89 F.3d. 75, 80 2d.CIR. (1986).

B. DEF. BLEVINS RETALIATED FOR MY USE OF THE GRIEVANCE AGAINST HIM & HIS RACIAL STATEMENTS

ON JANUARY 21, 2020 I SUBMITTED MY GRIEVANCE REPORTING DEF. BLEVINS USE OF RACIAL SLURS AND STATEMENTS AGAINST AFRICAN AMERICANS. ON JANUARY 29, 2020 DEF. BLEVINS RETALIATED AND ATTEMPTED TO MALICIOUSLY CAUSE HARM UPON ME BY INSTIGATING A CONFLICT WITH ME.
AT THIS TIME I WAS STANDING AS STILL AS POSSIBLE BALANCING MYSELF ON MY RIGHT FOOT AS BOBBY BURTON SQUATTED BEHIND ME ATTEMPTING TO APPLY SHACKLES ON MY LEFT ANKLE AS MY LEFT FOOT WAS RAISED BACKWARDS AT BURTON'S DIRECT ORDER (DOC. 36 P.2 OF 5 at 9). MY HANDS WERE CUFFED BEHIND MY BACK (PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS [PSODMF] at 7). DEF. BLEVINS THEN ACCOSTED ME AND STOOD DIRECTLY IN FRONT OF ME IN AN INTIMIDATING MANNER IN RESPONSE TO MY GRIEVANCE.
DEF. BLEVINS SUBMITTED AN INCIDENT REPORT (DOC. 34-3 ADC DOC. P. 2) [attached] and HIS AFFIDAVIT (DOC. 34-2) ~~AND OTHER RELATED DOCUMENTS~~
AND DEFENDANTS STATEMENT OF UNDISPUTED MATERIAL FACTS (DOC. 36); EACH OF HIS SWORN STATEMENTS CONTRADICT ONE ANOTHER.
IN HIS INCIDENT REPORT DEF. BLEVINS ALLEGES HE WAS "PASSING INMATE WALLER" , IN HIS AFFIDAVIT HE OMITS "PASSING" WALLER , IN THE STATEMENT OF UNDISPUTED MATERIAL FACTS (DSOUMF) DEF. BLEVINS and TITUS STATE " OFFICER BURTON BEGINS TO PLACE WALLER IN SHACKLES / WALLER WAS IN THE PROCESS OF BEING PLACED IN SHACKLES " (DOC. 36 P.2 OF 5 at 9-10) / (DOC. 34-2). HOWEVER BOTH DEF. BLEVINS and DEF. TITUS and BOBBY BURTON and KEVINEISHA RANCIFER EACH OMIT THE FACT THAT B. BURTON WAS IN THE PROCESS OF PLACING SHACKLES ON ME WHEN DEF. BLEVINS ACCOSTED ME (ADC DOC. P.9, 10, 11, 12 Attached).
IN THE COMPLAINT (DOC. 10); MY ATTACHED EXHIBIT (~~DOC~~. 32); DEPOSITION (DOC. 34-1 at. 15:6-25); DEF. BLEVINS INCIDENT REPORT ~~(DOC.~~ and INCIDENT REPORTS BY ~~DEF.???~~, B. BURTON, K. RANCIFER (ATTACHED ADC DOC. 9-~~10~~ 11. DEF. BLEVINS AFFIDAVIT (DOC. 34-2 at 5); DSOUMF (DOC. 36 at 12) I ASKED DEF. BLEVINS TO STOP UTILIZING RACIST STATEMENTS as AN EFFORT TO DIFFUSE HIS HOSTILITY WHEN HE ACCOSTED ME. THE FACT OF DEFENDANT BLEVINS RACISM WAS PREVAILANT is SHOWN.
ACCORDING TO THE DSOUMF (DOC. 36 at 13-14); DOC. 34-2 at. 7 ; and THE INCIDENT REPORTS BY BLEVINS, ~~TITUS~~, RANCIFER , ~~BURTON~~ DEF. BLEVINS PUT HIS HAND OUT AT ME AND TOLD ME TO "STEP-BACK" BECAUSE I WAS ALLEGEDLY LEANING TOWARD HIM. HOWEVER , NOW , DURING THIS SUMMARY JUDGEMENT PROCEEDING DEF. BLEVINS and DEF. TITUS HAVE SUBMITTED FALSE EVIDENCE;
ACCORDING TO DEF. TITUS (QUOTE):
" AFTER GETTING INMATE WALLER OUT OF THE CELL INMATE WALLER STARTED HAVING A VERBAL CONVERSATION WITH Sgt. BLEVINS. INMATE WALLER THEN HEADBUTTED Sgt. BLEVINS " (ADC DOC. P. 12 ATTACHED) (SEE ALSO DOC. 34-3 ~~??????~~ P.15 OF 33);

ACCORDING TO BOBBY BURTON (QUOTE): "AFTER GETTING INMATE WALLER OUT OF THE CELL WALLER STARTED HAVING A VERBAL CONVERSATION WITH Sgt. BLEVINS INMATE WALLER THEN HEAD-BUTTED Sgt. BLEVINS "(ADC DOC. P.11 attached) (see also DOC. 34-3 P.8 14 OF 33). NEITHER OF THOSE EYE WITNESS ACCOUNTS ALLEGE I WAS "LEANING TOWARD" DEF. BLEVINS. K. RANCIFERS INCIDENT REPORT, AN EYE WITNESS ACCOUNT DOES NOT ALLEGE I WAS LEANING TOWARD DEF. BLEVINS (DOC. 34-3 P. 13 OF 33) (ADC DOC. P.10) CONTRARY TO THE AFFIDAVIT OF ROBERT BLEVINS (DOC. 34-2) and DSOUMF (DOC. 36 at. 14) HOWEVER, and HIS INCIDENT REPORT (DOC. 34-3 P.12 OF 33) FALSELY ALLEGES HE DID PUT HIS HAND OUT AND DIRECTED ME TO STOP COMING FORWARDS (DOC. 36 P.2 at 14) WHILE NONE OF THE EYE WITNESS ACCOUNTS ALLEGE THIS. FOR THIS REASON THERE IS FACTUAL EVIDENCE FROM THE RECORD THE DEFENDANTS HAVE SUBMITTED FALSE AFFIDAVIT OF ROBERT BLEVINS (DOC. 34-2) and FALSE SOUMF (DOC. 36 at 13-14) STATE. DEF. BLEVINS ALSO FALSELY STATED I "LUNGED FORWARD AGAIN" (DOC. 34-3 P. 12 OF 13) (ATTACHED ADC DOC. P.9) FALSELY REPORTING I LUNGED AT HIM TWICE WHILE NO STAFF EYE WITNESS REPORTS SUPPORT THIS. ACCORDING TO THE DEFENDANTS, "WHEN OPPOSING PARTIES TELL TWO DIFFERENT STORIES, ONE OF WHICH IS BLATANTLY CONTRA-DICTED BY THE RECORD, SO THAT NO REASONABLE JURY COULD BELIEVE IT, A COURT SHOULD NOT ADOPT THAT VERSION OF THE FACTS FOR PURPOSES OF RULING ON A MOTION FOR SUMMARY JUDGEMENT. SCOTT V. HARRIS 550 U.S. 372, 380 (2007)." SINCE DEF. BLEVINS TESTIMONY IS BELIED IN THE RECORD BY SECURITY INCIDENT REPORTS SUBMITTED BY DEFENDANTS TO INCLUDE DEF. TITUS INCIDENT REPORT THE COURT SHOULD NOT ADOPT THE DEFENDANTS FALSE VERSION OF FACTS, FOR RULING ON THE SUMMARY JUDGEMENT MOTION. SELF SERVING STATEMENTS BY DEF. BLEVINS, INCLUDING HIS AFFIDAVIT WHICH IS IDENTIFIABLY FALSE SHOULD CARRY LITTLE WEIGHT WITH PRIOR EVIDENCE BY THE DEFENDANTS, i.e DOC. 34-3 P. 12-15. ECKERBERG V. INTER-STATE STUDIO AND PUBLISHING CO., 860 F.3d 1079, 1085 (8TH CIR. 2017).

IN THE COMPLAINT I ALLEGED DEF. BLEVINS TRIED TO POKE ME IN MY CHEST BUT I LEANED BACK CAUSING HIM TO MISS, and ··· AFTER MISSING ME, DEF. BLEVINS FAKED LIKE HE WAS TURNING TO WALK AWAY BUT SUDDENLY TURNED BACK AROUND TOWARD ME AND TRIED TO PUSH ME DOWN SO I WOULD FALL OVER! ONTO DEF. BURTON WHO WAS STILL SQUATTING DOWN BEHIND ME. THEREBY SUBJECTING ME TO A DEADLY FALL BY WHICH I COULD HAVE FELL OVER THE THIRD TIER (30 Ft. FALL) AND DIED OR ONTO BURTON POSSIBLY CAUSING A SERIOUS INJURY OR BROKEN NECK, HAD BURTON TAKEN MY FALL OVER ONTO HIM AS AN ATTACK AND BEAT ME WHILE I WAS HANDCUFFED." (DOC. 10- P.6 OF 8).

AT THE DECEMBER 5, 2020 DEPOSITION I FURTHER TESTIFIED (QUOTE):

"OFFICER BURTON RETRIEVED THE SHACKLES FROM DEF. TITUS AND STEPPED BEHIND ME, ASKED ME TO RAISE ONE OF MY LEGS SO HE COULD APPLY THE SHACKLES ON ME.    I'M STANDING RIGHT THERE WITH MY HANDS BEHIND MY BACK, HANDCUFFED, STANDING ON ONE FOOT WITH MY LEG RAISED IN THE AIR.    OFFICER BURTON SQUATTED DOWN BEHIND ME AND WAS IN THE PROCESS OF APPLYING THE SHACKLES TO MY LEFT ANKLE -- (DEPO.14: 11-19) " BLEVINS IMMEDIATELY--IT SEEMS LIKE ONCE HE SAW THAT I WAS BEING PLACED IN EXTRA ~~HANDCUFFED~~ RESTRAINTS, THAT'S WHEN HE MADE THE MOVE TO WALK DIRECTLY UP TO ME. HE WAS STANDING CLOSE ENOUGH TO WHERE ANY MOVEMENT ON HIS PART OR MY PART GOING FORWARD WE WOULD HAVE BUMPED INTO EACH OTHER" (DEPO. 14: 19-25 ; 15: 1).

"I TRIED TO DIFFUSE THE SITUATION BY SIMPLY LETTING HIM KNOW I DID NOT AGREE WITH HIM USING THE "N-WORD FOR AFRICAN AMERICANS (DEPO. 15:6-8).

" IT SEEMED LIKE MY ATTEMPT TO DIFFUSE THE SITUATION DID'NT HAVE ANY IMPACT ON MR. BLEVINS. HE POINTED HIS FINGER AT MY CHEST. AS HE WAS EMPHASIZING HIS WORDS, HE WAS LIKE, TRYING TO POKE ME IN MY CHEST. BUT I LEANED BACK AS MUCH AS POSSIBLE WITHOUT FALLING SO HE DIDN'T EVEN ACTUALLY TOUCH ME AT THAT TIME. I WAS STILL STANDING ON ONE FOOT.( DEPO. 16: 12-18). MR. BLEVINS TURNED AROUND AS IF HE WAS ABOUT TO (DEPO. 16:25) WALK OFF AND SPUN BACK AROUND REAL FAST AND TRIED TO PUSH ME IN MY CHEST. IT SEEMED LIKE WHEN HE WENT TO WALK OFF, HE STEPPED OFF, YOU KNOW, SO THAT WHEN HE TURNED AROUND TO TRY TO PUSH ME, I GUESS HE MISCALCULATED HIS DISTANCE. IT SEEMED LIKE HE STEPPED AWAY FARTHER THAN HE MEANT TO. SO HE TOUCHED ME ON MY CHEST AND PUSHED ME, I CAUGHT MY BALANCE A LITTLE BIT. THAT'S WHEN I DROPPED MY FOOT, AND I STEPPED INTO HIM AND HEADBUTTED HIM. I FELT LIKE THAT WAS THE ONLY RECOURSE I HAD TO PREVENT ANY TYPE OF FARTHER ACTION FROM HIM FOR ASSAULT "(DEP.17:1-10). [SEE DOC. 34-1 P.14-17 OF 65).

AS SHOWN MY ACCOUNT OF THIS INCIDENT HAS ALWAYS BEEN CONSISTENT. I HAVE ALWAYS ALLEGED FACTUALLY DEF. BLEVINS TRIED TO PUSH ME AND MAKE ME FALL ONTO-OVER B. BURTON AND/OR THE THIRD YEAR.

SO ON ONE HAND THE DEFENDANTS ARGUE DEF. BLEVINS NEVER TOUCHED ME ACCORDING TO MY STATEMENT (DOC. 36 P.3 OF 5 at 15) AND (DOC. 35 P. 5 OF 10) AND ON THE OTHER HAND DEFENDANTS ARGUE DEF. BLEVINS CONTACT WAS DE MINIMIS FORCE (DOC. 35 P.5 OF 10), AND AS SUCH THAT I HAD NO BRUISE ~~~~ WHERE DEF. BLEVINS "TOUCHED" ME, NOR DID I "FALL DOWN" THEN DEF. BLEVINS FORCE WAS NOT EXCESSIVE.

HOWEVER THE FACT REMAINS THAT THE EVIDENCE IN THE RECORD SHOWS DEF. BLEVINS FALSIFIED HIS ACCOUNT OF THE FACTS, HE ATTEMPTED TO INJURE ME BY ATTEMPTING TO PUSH ME OVER/ONTO A GUARD WHO WAS SQUATTING BEHIND ME, APPLYING SHACKLES TO MY ANKLES AND I WAS INJURED DUE TO B. BURTON CONCLUDING MY PROTECTING MYSELF AS AN ATTEMPT TO ATTACK STAFF; ALL AS DEF. BLEVINS RESPONSE TO MY GRIEVANCES AGAINST HIM FOR RACIAL SLURS/ REMARKS.

DEF. BLEVINS VIOLATED THE CONSTITUTION. (See) FELIX V. MCCARTHY 939 F.2d.699, 701-02 (9TH CIR. 1991) "THROWING Prisoner across a hallway into a Wall without reason violated Eighth AMENDMENT", BEE V. DeKalb County 679 F.Supp. 1107, 1109, 1113 (N.D.Ga. 1988) (ALLEGATION OF UNPROVOKED BLOW TO THE FACE CREATED A FACTUAL ISSUE AS TO EXCESSIVE FORCE"); "SOME FORCE WAS JUSTIFIED BUT STRIKING AND KICKING HANDCUFFED PERSON WAS NOT" LEWIS V. DOWNS 774 F.2d. 711-714-15 (6TH CIR. 1985); "MINOR INJURIES ARE ACTIONABLE WHEN FORCE IS COMPLETELY UNJUSTIFIED" (Felix V. MC CARTHY supra); (GRAY V. SPILLMAN) 925 F.2d.90,93,4TH CIR) EXTENT OF INJURIES is Relevant to ~~~~~~~~ DAMAGES BUT IS NOT PREREQUISITE to suit"; (JOHNSON V. DOHERTY 713 F.Supp. 69,71 (S.D.N.Y. 1989); "Where injury is minor, court must consider the context in which the injury occurred (Bowman V. Casler 622 F.Supp. 836, 838 (N.D.N.Y. 1985).

FOR THIS REASON THE COURT IN CONSIDERING THE SUMMARY JUDGEMENT MOTION SHOULD ALSO CONSIDER THE CONTEXT OF THE SITUATION LEADING TO MY INJURY.  THE DEFENDANTS STATEMENT OF UNDISPUTED MATERIAL FACTS STATE: "WALLER WAS IN THE PROCESS OF BEING PLACED IN SHACKLES" (DOC. 36 P. 2 of 5 at 9-10). A REASONABLE JUROR COULD TAKE THIS FACT AS A REASONABLE INFERENCE THE OFFICER APPLYING THE SHACKLES (BURTON) WAS SQUATTING BEHIND ME. ~~THE DEFENDANTS ALLEGE~~

AND THAT BURTON DIRECTED ME TO ALLOW HIM TO APPLY THE SHACKLES.

THE DEFENDANTS ALLEGE AT THIS TIME DEF. BLEVINS GAVE ME A DIRECT ORDER TO STEP-BACK; (Doc. 34-2, 36 P.2 OF 5, 13-14).  A REASONABLE JUROR COULD TAKE THIS AS A REASONABLE INFERENCE DEF. BLEVINS GAVE ME AN UNLAWFUL ORDER TO BACK-UP IN VIOLATION OF BURTON'S LAWFUL ORDER TO STAND STILL SO HE COULD APPLY THE SHACKLES.  THE DEFENDANT TESTIFIED HIS DIRECT ORDER WAS CENTERED AROUND MY LEANING FORWARD.  THIS IS NOT TRUE. BUT TAKING IT INTO QUESTION A REASONABLE JUROR COULD DRAW THE INFERENCE I WAS ACTUALLY LEANING FORWARD IN ORDER TO MAINTAIN MY BALANCE AS BOBBY BURTON APPLIED THE SHACKLE ONTO MY LEFT ANKLE.  THIS WOULD BE NECESSARY BOTH TO MAINTAIN MY BALANCE AND TO FOLLOW

BURTON'S ORDER. WHEREFORE DEF. BLEVINS WOULD NOT HAVE THE RIGHT TO DIRECT ME TO REFUSE BURTON'S ORDER TO BE PLACED IN SHACKLES. ACCORDING TO VSU POLICY STAFF MAY USE FORCE ON INMATES WHO REFUSE TO BE PLACED IN HANDCUFFS OR SHACKLES WHEN ORDERED. WHEREFORE SUCH AN ORDER WOULD VIOLATE CLEARLY ESTABLISHED POLICY, AND LAW, ~~STATE OUTER STATE OUTER STATE~~ ALLEGATION THAT OFFICERS KNOCKED DOWN INMATE WHO RESISTED HANDCUFFING ~~DID NOT~~ STATE AN EIGHTH AMENDMENT CLAIM". FOR THIS REASON DEF. BLEVINS ADMITTED ATTEMPTING TO PUSH ME DOWN (THOUGH UNSUCCESSFUL) FOR REFUSING HIS UNLAWFUL ORDER TO STEP BACK (THOUGH NOT TRUE) WAS NOT BASED UPON A PERCEIVED RIGHT OF ISSUING A LAWFUL ORDER. A REASONABLE JUROR COULD DRAW THE INFERENCE DEF. BLEVINS FALSIFIED HIS ACCOUNT IN ORDER TO CREATE THE RUSE OF A VIOLATION OF A DIRECT ORDER. FURTHER CONSIDERING THE CONTEXT OF THE CIRCUMSTANCES OF THIS CASE THE COURT SHOULD CONSIDER, AS ALLEGED BY THE PLAINTIFF, THAT THE FACTUAL DISPUTE OF THIS CASE IS MATERIAL. TAKING ALL REASONABLE INFERENCES IN LIGHT MOST FAVORABLE TO MYSELF, THE NON MOVING PARTY, THE COURT CAN REASONABLY CONCLUDE DEF. BLEVINS GAVE ME AN UNLAWFUL ORDER (IF HIS AFFIDAVIT WAS PARTLY TRUE), THE COURT CAN CONCLUDE DEF. BLEVINS' ADMITTED PUTTING HIS HAND ON MY CHEST AND PUSHING ME WAS MEANT TO CAUSE ME TO FALL ONTO /OVER BOBBY BURTON WITHOUT PROVOCATION. THE GOVERNING LAW RULE "WHETHER THE USE OF FORCE BY PRISON STAFF VIOLATES THE EIGHTH AMENDMENT DEPENDS ON WHETHER IT WAS APPLIED IN A GOOD-FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE OR MALICIOUSLY AND SADISTICALLY TO CAUSE HARM". HUDSON V. MC MILLIAN, 503 U.S. 1, 5-6, 112 S.CT. 995 (1992)". THE FACT THAT DEFENDANTS ADMIT I WAS STANDING STILL SUBMITTING TO SHACKLES SHOW THERE WAS NO QUESTION OF MAINTAINING OR RESTORING DISCIPLINE. MY TESTIMONY AND THE EVIDENCE PROPOUNDED BY DEFENDANTS SHOW NO STAFF EYE WITNESSES ALLEGE I VIOLATED BURTONS ORDER TO SUBMIT TO SHACKLES. AS SUCH ANY FORCE BY BLEVINS WAS UNNECESSARY. WHITLEY V. ALBERS 475 U.S. 312 320-21, 106 S.CT. 1078 (1986)". THE FACT THAT FORCE WAS USED WHEN UNNECESSARY, OR IN A MANNER EXCESSIVE TO ANY NEED, IS IN ITSELF-EVIDENCE THAT THE DEFENDANTS WERE ACTING "SADISTICALLY and MALICIOUSLY TO CAUSE HARM"; MILLER V. LEATHERS 913 F.2d. 1085, 1088 (4TH CIR. 1990); OLIVER V. COLLINS 914 F.2d. 56,59 (5TH CIR.1990);

CRWAT V. MALONEY 360 F.SUPP. 2d. 146, 153-54 (D.MASS. 2005) A REASONABLE JURY COULD FIND FOR ME, THE PLAINTIFF BASED UPON THE FACTS MADE IN MY STATEMENT OF DISPUTED MATERIAL FACTS, AFFIDAVIT and ARGUEMENT HERE IN, SUMMARY JUDGEMENT AS TO DEF. BLEVINS SHOULD BE DENIED SINCE THE COURT AND A JURY CAN DRAW THE INFERENCE THAT UNNECESSARY FORCE BY DEF. BLEVINS IN THIS CIRCUMSTANCE HAD ONE INTENT - TO CAUSE HARM MALICIOUSLY. PURPOSELY PUSHING A HANDCUFFED PRISONER TO CAUSE HIM TO HAVE AN UNBROKEN FALL ONTO / OVER AN OFFICER IS IN ITSELF MALICIOUS AND SADISTIC, SINCE I WAS ADMITTEDLY UNDER CONTROL FOLLOWING THE ORDERS OF STAFF, ANY ACT TO PUSH ME DOWN HAD ONE PURPOSE - TO CAUSE HARM. SINCE DEFENDANTS AFFIDAVIT (DOC. 34-2) and STATEMENT OF UNDISPUTED MATERIAL FACTS (DOC. 35) FAIL TO DEMONSTRATE DEF. BLEVINS HAD A GOOD FAITH EFFORT WITH HIS UNECESSARY ATTACK ON ME IT CAN BE REASONABLY ~~INFERRED~~ INFERRED HIS ATTACK WAS A RETALIATION OF MY GRIEVANCE. I RECEIVED AN INJURY TO MY HEAD (ADC DOC. P. 15 ATTACHED). A REASONABLE JURY CAN DRAW THE INFERENCE MY INJURY WAS THE RESULT OF DEF. BLEVINS ATTACKING ME WHILE I WAS RESTRAINED IN HANDCUFFS, AND AS I ATTEMPTED TO ~~DEFEND~~ DEFEND MYSELF DEF. BLEVINS RUSE CAUSED B. BURTON TO SLAM ME THINKING I WAS RESISTING HIS ORDERS. CONSIDERING THESE CIRCUMSTANCES THE COURT CAN DRAW THE INFERENCE IN MY FAVOR DEF. BLEVINS DID CAUSE ME TO BE INJURED DUE TO HIS ATTACK ON ME.

C. DEF. TITUS FAILED TO PROTECT ME FROM DEF. BLEVINS.

I ROMARIO V. WALLER, THE PLAINTIFF HAVE ALLEGED THAT WHEN DEF. TITUS SAW THAT DEF. BLEVINS WAS BEING HOSTILE SHE FAILED TO PROTECT ME FROM HIS ~~UNECESS~~ ATTACK AFTER SHE OBSERVED HE TRIED TO USED UNNECESSARY FORCE / ATTACK ME. THE FIRST TIME. DEF. TITUS INCIDENT REPORT " AFTER GETTING WALLER OUT OF THE CELL INMATE WALLER STARTED HAVING A VERBAL CONVERSATION WITH SGT. BLEVINS. INMATE WALLER THEN HEADBUTTED SGT. BLEVINS". (ADC DOC. P. 12) (DOC. 34-3 P. 15 OF 33). DEFENDANTS BLEVINS and TITUS HOWEVER HAVE ~~P~~ SUBMITTED DOC. 36 (STATEMENT OF UNDISPUTED MATERIAL FACTS) WHICH STATE: (QUOTE): "9. OFFICER BURTON and DEF. TITUS BRING WALLER OUT OF HIS CELL AND OFFICER BURTON BEGINS TO PLACE WALLER IN SHACKLES." 10. WHILE WALLER IS BEING PLACED IN SHACKLES --- 12. SGT. BLEVINS NEARS WALLER."
DEF. TITUS OMMITTED THIS FACT OF MY BEING PLACED IN SHACKLES FROM HER INCIDENT REPORT. ACCORDING TO ADC EMPLOYEE CONDUCT STANDARDS, OMMISSION OF FACTS IS FALSIFYING DOCUMENTS.

IN FACT, EACH STAFF EYE WITNESS FALSIFIED THEIR INCIDENT REPORTS BY OMMITTING THE FACT THAT I WAS STANDING ON ONE FOOT BEING PUT IN SHACKLES AT THE TIME OF THIS INCIDENT, TO INCLUDE DEF. BLEVINS, WHO ALSO FALSIFIED HIS AFFIDAVIT (DOC. 34-2) TO THE COURT. OMMITTING THIS FACT HAD THE EXPRESS INTENT OF WITHHOLDING EVIDENCE THAT DEF. BLEVINS HAD USED UNNECESSARY FORCE ON ME LEADING TO A USE OF FORCE BY B. BURTON CAUSING ME INJURY, THOUGH I WAS NON RESISTENT FOLLOWING LAWFUL ORDERS OF BURTON. WHEN DEF. TITUS SAW DEF. BLEVINS ATTEMPT TO PROVOKE A FIGHT BY ATTEMPTING TO POKE ME IN MY CHEST SHE HAD A DUTY TO INTERVENE BUT FAILED TO DO SO AND AS A RESULT DEF. BLEVINS THEN ATTACKED ME. SEE U.S. V. SERRATA SERRATA 425 F.3d.886,895-96 (10TH CIR. 2005) "AFFIRMING OFFICERS CRIMINAL CONVICTION FOR FAILURE TO INTERVENE"; KESLER V. KING 29 F.Supp.2d.356,371-72 (S.D.TX. 1988)" PLAINTIFF'S CONTEND, AND THIS COURT AGREES, THAT THE DUTY TO INTERCEDE IS HEIGHTENED IN THE PRISON SETTING, WHERE THE STATE HAS RESTRAINED AN INDIVIDUALS LIBERTY TO SUCH A DEGREE THAT HE CAN NO LONGER CARE FOR OR PROTECT HIMSELF"; ESTATE OF DAVIS BY OSTENFELD V. DELO 115 F.3d. 1388, 1395 (8TH CIR. 1997) "NOTING THAT FAILURE TO REPORT CAN BE EVIDENCE OF DELIBERENT INDIFFERENCE; RASCON V. HARDIMAN 803 F.2d. 269,276-77 (7TH CIR. 1986)" BY STANDING OFFICER MUST ACTUALLY SEE AND PERMIT UNLAWFUL CONDUCT TO BE HELD LIABLE"; THE LAW THEREFORE WAS CLEAR THAT DEF. TITUS HAD A DUTY TO INTERVENE BUT FAILED TO DO SO, AND THE LAW WAS CLEAR THAT DEF. TITUS FALSIFYING HER INCIDENT REPORT TO COVER-UP DEF. BLEVINS UNNECESSARY RETALIATORY FORCE VIOLATED THE CONSTITUTION. FROM THE EVIDENCE IN THE RECORD (DEF. BLEVINS AFFIDAVIT-DOC. 34-2) (DEF. STATEMENT OF UNDISPUTED MATERIAL FACTS-DOC. 36), MY STATEMENT OF DISPUTED MATERIAL FACTS, AND MY AFFIDAVIT DATED DEC. 26 2020 THE COURT AND A JURY CAN MAKE THE INFERENCE DEF. TITUS FAILED TO INTERVENE AND FALSIFIED HER REPORT TO COVER-UP THE CONSTITUTIONAL VIOLATIONS BY DEF. BLEVINS. SEE ALSO DEF. TITUS INCIDENT REPORT (DOC. 34-3).

### CONCLUSION

D. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY AS A MATTER OF LAW

DEFENDANT BLEVINS TESTIFIED HE HAS BEEN A PRISON SECURITY GUARD SEVEN YEARS (DOC. 34-2), AND BOTH DEF. BLEVINS and DEF. TITUS WERE GUARDS JANUARY 29, 2020. THE LAW WAS CLEARLY ESTABLISHED AT THIS TIME THAT RETALIATING FOR A PRISONERS USE OF GRIEVANCES, ABUSING PRISONERS WHO ARE IN HANDCUFFS and/or FOLLOWING LAWFUL ORDERS, FALSIFYING DISCIPLINARY REPORTS and INCIDENT REPORTS TO COVER-UP ABUSE / UNNECESSARY FORCE AND FAILING TO PROTECT A PRISONER FROM UNNECESSARY / EXCESSIVE FORCE OF STAFF WAS UNCONSTITUTIONAL,

THE DEFENDANTS CLEARLY VIOLATED CONSTITUTIONAL PROHIBITIONS OF THE 8TH, 14TH and 1ST AMENDMENTS. See Hudson V. mc Millian, supra, DAVIS V. GOORD, Edwards V. Balisok, Wilkins V. Gaddy, Bee V. DeKalb County, Whitley V. Albers, miller V. Leathers, Oliver V. Collins, Orwat V. Maloney, Graham V. Henderson, Eckerherg V. Inter-state studio and Publishing Co., Felix V. McCarthy, Lewis V. Downs, Gray V. Spillman, Johnson V. Doherty, Bowman V. Casler, U.S. V. Serrata, Ostenfeld V. Delo, Kesler V. King, Rascon V. Hardiman, as cited herein.

THE FACTS BEING CLEAR THAT DEFENDANTS HAVE DELIBERATELY MISCHARACTERIZED THE VERY EVIDENCE THEY PRESENTED TO THE COURT IS SIMILAR TO HOW THEY HAVE SUBMITTED KNOWN FALSE FACTS and FALSE AFFIDAVIT (DOCS. 34-2, 35, 36) TENDS TO SHOW THEIR LEVEL OF CORRUPTION AS IT IS EQUAL TO THEIR FALSIFICATION OF THEIR INITIAL INCIDENT REPORTS, and DISCIPLINARY REPORT, and IT TENDS TO SHOW THEIR DEGREE OF IDIOCRACY AS LIKEWISE THEY IDENTIFIABLY WROTE CONTRADICTORY-CONFLICTING INITIAL REPORTS JUST AS THEY HAVE SUBMITTED CONTRADICTORY-CONFLICTING STATEMENTS IN DOCS. 34-2, 35, 36.

"DEFENDANTS ARGUEMENT IGNORES THE PRINCIPLE PURPOSE OF THE SUMMARY JUDGEMENT RULE, WHICH IS TO ISOLATE AND DISPOSE FACTUALLY UNSUPPORTED CLAIMS OR DEFENSES." CELOTEX, 477 U.S. at 323-24, 106 S.Ct. 2553. WHEN A PARTY HAS OBTAINED KNOWLEDGE THROUGH THE COURSE OF DISCOVERY, OR OTHERWISE, THAT A MATERIAL FACTUAL DISPUTE EXISTS AND YET PROCEEDS TO FILE A SUMMARY JUDGEMENT MOTION, IN HOPES THE OPPOSING PARTY WILL FAIL OR BE UNABLE TO MEET IT'S BURDEN IN RESPONDING TO THE MOTION, HE DEFEATS THAT PURPOSE; and, MORE IMPORTANTLY VIOLATES THE RULES OF PROCEDURE WHICH GOVERN THE CONDUCT OF TRIAL, SPECIFICALLY RULE 11.

Fed.R.Civ.P. 11 REQUIRES THAT EVERY PLEADING AND MOTION OF A PARTY REPRESENTED BY AN ATTORNEY BE SIGNED BY THAT ATTORNEY, CERTIFYING:

THAT TO THE BEST OF THE SIGNERS KNOWLEDGE, INFORMATION, and BELIEF FORMED AFTER REASONABLE INQUIRY IT IS GROUNDED IN FACT AND IS WARRANTED BY EXISTING LAW---AND THAT IT IS NOT INTERPOSED FOR ANY IMPROPER PURPOSE" (GOKA V. BOBBITT 862 F.2d.646 (7TH CIR. 1988). VINCENT P. FRANCE, ASSISTANT ATTORNEY GENERAL and ATTORNEY FOR DEFENDANTS BLEVINS and TITUS DID NOT CERTIFY THE MOTION FOR SUMMARY JUDGEMENT OR BRIEF IN SUPPORT (DOCS. 34, 35). MR. FRANCE HOWEVER DID SUBMIT THIS MOTION ARGUING THAT NO GENUINE ISSUES OF MATERIAL FACTS EXIST PRECLUDING SUMMARY JUDGEMENT EXISTS, ALONG WITH THE UNCERTIFIED STATEMENT

OF UNDISPUTED MATERIAL FACTS (DOC. 36) WITH ATTACHED AFFIDAVIT OF DEF. BLEVINS (DOC. 34-2) AND THE ATTACHED EXHIBITS KNOWING THESE MOTIONS, AFFIDAVIT, STATEMENT and BRIEF DOES BOTH CONTAIN FALSELY REPORTED INFORMATION, CONTRADICTORY-CONFLICTING ACCOUNTS BY DEF. BLEVINS and DEF. TITUS, and FACTUAL DISPUTES as TO THE MATERIAL RELEVANCY OF THE ACCOUNTS OF THE PLAINTIFF AND DEFENDANTS.

AND WHILE AS ARGUED HEREIN, MY ACCOUNT OF THE FACTS HAS BEEN CONSISTENT FROM THE INITIAL STATEMENT I GAVE MEDICAL STAFF, DISCIPLINARY COURT, GRIEVANCES, 1983 COMPLAINT, as WELL AS THIS MOTION/BRIEF IN RESPONSE TO MOTION FOR SUMMARY JUDGEMENT and STATEMENT OF DISPUTED MATERIAL FACTS.   HOWEVER, THE DEFENDANTS PROVIDE A DIFFERENT ALLEGATION OF THE FACTS, HENCE, DISPUTE OF MATERIAL FACTS AT ISSUE.   THE MOTION FOR SUMMARY JUDGEMENT THEREFORE IS FRIVOLOUS, NOT SUBMITTED WITH GOOD FAITH and NOT SUBMITTED IN ACCORDANCE WITH RULES 11, 56 Fed. Rules CIV. JUDICIAL Proc.

## CONCLUSION

FOR THESE REASONS THE MOTION FOR SUMMARY JUDGEMENT SHOULD BE DENIED AND THE CASE SET FOR TRIAL.

RESPECTFULLY SUBMITTED,

DECLARATION: I THE PLAINTIFF ROMARIO V. WALLER DO DECLARE STATE AND CONFIRM THE FACTS AND STATEMENTS PROVIDED HEREIN ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF AND ARE NOT PROPOUNDED FOR ANY KNOWN IMPROPER PURPOSE UNDER THE LAW, PURSUANT 28 U.S.C.S 1648 and 42 U.S.C.S. 1746 PENALTIES OF PERJURY.

MR. ROMARIO V. WALLER.
108263
P.O. Box 400
GRADY, AR.   71644

## CERTIFICATE OF SERVICE

COPIES OF THE FOREGOING MAILED TO THE CLERK'S OFFICE, U.S. DISTRICT COURT 600 W. CAPITOL AVE., Room A-149  LITTLE ROCK, AR. 72201 and ASSISTANT ATTORNEY GENERAL VINCENT P. FRANCE 323 CENTER STREET., SUITE 200 LITTLE ROCK, AR. 72201   THROUGH U.S. POSTAL SERVICE MAIL ON DEC. 30, 2020