**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ROMARIO V. WALLER
ADC #108263                                                                    PLAINTIFF

v.                            CASE NO.: 4:20-CV-335-JM-JJV

DALE REED, et al.                                                           DEFENDANT

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE AND BRIEF IN
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW, Defendants Robert Blevins and Jackenzie Titus, known collectively as "ADC Defendants," by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Vincent P. France, and for their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, state the following:

**INTRODUCTION**

Inmate Waller's arguments for why this Court should deny Defendants' motion for summary judgment are flawed factually and legally. Factually, Waller tries to portray himself as being in a vulnerable position during the incident. However, the undisputed facts show that Inmate Waller head-butted Defendant Blevins. Doc. No. 36, *Defendants' SUMF* ¶ 16; *see also* Doc. No. 41, *Plaintiff's Statement of Disputed Facts* ¶ 18 ("I defended myself by headbutting him"). Thus, Waller was not vulnerable and defenseless; rather, the undisputed material evidence clearly shows that he was the aggressor.

**ARGUMENT**

Legally, Waller's arguments are also flawed both procedurally and substantively. As will be discussed in more details below, Waller procedurally fails to present sufficient evidentiary proof to defeat Defendants' Motion for Summary Judgment. Additionally, this Reply will show how

1

Waller's arguments are substantively flawed beyond the arguments previously made by Defendants in their motion for summary judgment and brief in support.

### Procedurally, Waller Cannot Defeat Defendants' Motion for Summary Judgment.

Waller has failed to present sufficient evidentiary proof that a genuine issue of material fact that is outcome determinative exists. *See Mosley v. City of Northwoods, Missouri*, 415 F.3d 908, 911 (8th Cir. 2005). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Webb v. Lawrence County*, 144 F.3d 1131, 1135 (8th Cir. 1998) (internal citations and quotations omitted). The nonmovant cannot defeat a motion for summary judgment by simply showing "some metaphysical doubt as to the material facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Furthermore, Federal Rules of Civil Procedure 56(c) requires that when a party is asserting or refuting that a genuine factual dispute exists must support their position with affidavits or declarations, admissions, answers to interrogatories, depositions, documents, or other materials. Fed. R. Civ. P. 56(c)(1). As the Eighth Circuit has held, "[t]he nonmoving party must show ***by admissible evidence*** that specific facts remain which create a genuine issue for trial. *Sallis v. University of Minn.*, 408 F.3d 470, 474 (8th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986)) (emphasis added). Finally, the Eighth Circuit has explained that to surmount a properly supported motion for summary judgment, the nonmoving party must "meet proof with proof." *Conseco Life Ins. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010). "***Speculation*** and ***conjecture*** are insufficient to defeat summary judgment." *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1028 (8th Cir. 2006) (emphases added).

Moreover, Waller's affidavit (Doc. No. 42) is a self-serving affidavit, which is not sufficient to defeat Defendants' Motion for Summary Judgment. The Eighth Circuit has repeatedly stated that "a properly supported motion for summary judgment is not defeated by self-serving affidavits." *Frevert v. Ford Motor Co.*, 614 F.3d 466, 473 (8th Cir. 2010) (quoting *Bacon v. Hennepin County Med. Ctr.,* 550 F.3d 711, 716 (8th Cir. 2008)); *see also Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006). Rather, the Court has held that a party "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005). Self-serving statements, including affidavits, carry little weight when in conflict with other evidence especially prior evidence by that party. *Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017).

The documents filed by Waller in response to Defendants' motion for summary judgment are insufficient to defeat the motion for summary judgment. In these documents, Waller makes allegations which are purely speculation specifically regarding Defendant Blevins. For example, Waller writes "[t]his is an known ADC security guard set-up to lure inmates to run out the cell/to fight guards in order for the guards to carry out a gang style group attack on inmates…" Doc. No. 41, *Plaintiff's Statement of Disputed Facts* ¶ 5. Additionally, Waller speculates that Defendant Blevins tried to push him over a guard who was squatting behind Waller. *See* Doc. No. 39, p. 1; *see also* Doc. No. 40, p. 6. Waller presents no admissible evidence to support either of these claims. *See Sallis*, 408 F.3d at 474. These allegations are purely speculation and are not sufficient to defeat Defendants' motion for summary judgment. *See Bloom*, 440 F.3d at 1028. At best, Waller tries to present some met metaphysical doubt regarding what actually occurred which cannot be used to avoid summary judgment. *See Torgerson*, 643 F.3d at 1042. Simply stated, Waller fails to "meet proof with proof." *See Conseco Life Ins.*, 620 F.3d at 909.

**Waller's Legal Arguments Are Substantively Without Merit.**

Waller repeatedly makes allegations of numerous violations of prison policy to support his arguments. This argument is legally flawed, because "there is no § 1983 liability for violating prison policy." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Moreover, a prison official can use force to maintain or restore order and discipline. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Thus, any alleged force by Defendant Blevins did not violate Waller's constitutional rights under the Eighth Amendment.

## CONCLUSION

For the reasons stated above herein and in their motion for summary judgment and brief in support, Defendants Blevins and Titus respectfully requests that this Court grants them their Motion for Summary Judgment, thereby dismissing Waller's lawsuit with prejudice, and for all other just and proper relief to which they are entitled.

WHEREFORE Defendants Robert Blevins and Jackenzie Titus respectfully request that their Motion for Summary Judgment be granted, and that Plaintiff's lawsuit against them be dismissed with prejudice, along with any and all other just and proper relief to which they may be entitled.

Respectfully submitted,
LESLIE RUTLEDGE
Attorney General

By:    Vincent P. France
Ark Bar No. 2010063
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-2007
Fax:     (501) 682-2591
Email:  vincent.france@arkansasag.gov

4

## CERTIFICATE OF SERVICE

I, Vincent P. France, hereby certify that on January 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system:

I, Vincent P. France, hereby certify that on January 7, 2021, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Mr. Romario V. Waller, ADC #108263
Arkansas Division of Correction
Varner Supermax Unit
P.O. Box 600
Grady, AR 71644

*/s/ Vincent P. France*
Vincent P. France

5